UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LASHEMA MARBLE, individually and
as Personal Representative for Estate of
Bertie Marble, Dec'd, *et al.,*

          Plaintiffs,

vs.

GOVERNOR RICK SNYDER, *et al.,*

          Defendants.

_____/

Case No. 5:17-cv-12942-JEL-MKM
Honorable Judith E. Levy
Magistrate Judge Mona K. Majzoub

**DEFENDANT JEFF WRIGHT'S MOTION TO DISMISS
PLAINTIFFS' AMENDED SHORT FORM COMPLAINT AND
JURY DEMAND (ECF No. 143) AND BRIEF IN SUPPORT**

Defendant, Jeff Wright ("Wright"), by his attorneys, Foley & Mansfield,

PLLP, respectfully moves this Court to dismiss Plaintiffs' Amended Short Form

Complaint and Jury Demand (ECF No. 143) pursuant to Fed. R. Civ. P. 12(b)(6),

and rely upon this Court's prior rulings in *Walters v. Michigan* (ECF No. 233 in

Case No. 17-10164) and *Sirls v. Michigan* (ECF No. 165 in Case No. 17-cv-10342)

because Plaintiffs' Amended Short Form Complaint fails to state any allegations

that could plausibly demonstrate they are entitled to relief against Wright.

1.      On September 9, 2019, Plaintiffs filed an Amended Short Form

Complaint and Jury Demand (ECF No. 143, "SFC") alleging claims/counts against

1

multiple Defendants in the *In Re* Flint Water Cases, including Wright (See ECF No. 143, Page ID 3184).

2.      Although all of the claims against Wright have been dismissed in *Carthan* (Case No. 16-cv-10444), *Walters* (Case No. 17-10164) and *Sirls* (Case No. 17-10342), Plaintiffs here, in part, assert identical claims against him as those that have previously been dismissed.

3.      As to Wright, those claims are as follows:  Count  I:  42 U.S.C. §1983 – Substantive Due Process – State Created Danger; Count II 42 U.S.C. §1983 – Substantive Due Process – Bodily Integrity; Count III 42 U.S.C. §1983 – Equal Protection of the Law – Race Based Discrimination; Count VI - 42 U.S.C. §1983- Wealth Based Discrimination; Count V - 42 U.S.C. §1985(3) – Invidious Racial Animus; Count VI – MCL §37.2302 – Violation of Public Service Provisions of ELCRA; Count XII – Gross Negligence; and, Count XV – Punitive Damages. (ECF. No. 143, Page ID 3188-3189).

4.      These claims are identical to the claims the Court has already dismissed as to Wright, as further articulated in Wright's Brief in Support of this Motion.  Wright relies upon the same grounds for dismissal of the claims in this SFC.  The Court has ordered that its rulings from *Walters* and *Sirls* shall apply to claims in these cases such that Wright is not required to reiterate his arguments against them.  (ECF No. 918, Page ID 24165-24166).  Dismissal is warranted.

5.      Plaintiffs' SFC also purports to add Count V – 42 U.S.C. §1983 –

Denial of Access to Judicial Remedies and State-law Count XIII – Intentional

Infliction of Emotional Distress.  These claims should be dismissed under Fed. R.

Civ. P. 12(b)(6) as Plaintiffs have failed to plead any plausible allegations as to

Wright to support them and this Court should decline to exercise supplemental

jurisdiction over the state-law claim in any event.

6.      Plaintiffs make no additional claims against Wright.  Because this

Court has previously disposed of all other claims against him in *Walters* and *Sirls*,

Plaintiffs' SFC must also be dismissed against him.

7.      Pursuant to Local Rule 7.1(a), there has been contact between counsel

for Plaintiffs and counsel for Wright in which Wright explained the nature of this

Motion and its legal bases and requested, but did not obtain, concurrence in

dismissal of the claims presented in the SFC.

WHEREFORE, based upon the foregoing reasons and his Brief in Support

of this Motion, Defendant Jeff Wright respectfully requests that this Court dismiss

all of Plaintiffs' claims against him, with prejudice.

s/ Matthew T. Wise
Foley & Mansfield P.L.L.P.
130 E. Nine Mile Road
Ferndale, MI 48220
(248) 721-4200
mwise@foleymansfield.com
Dated:  October 1, 2019             P76794

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LASHEMA MARBLE, individually and
as Personal Representative for Estate of
Bertie Marble, Dec'd, *et al.*,

Case No. 5:17-cv-12942-JEL-MKM
Honorable Judith E. Levy
Magistrate Judge Mona K. Majzoub

                    Plaintiffs,

vs.

GOVERNOR RICK SNYDER, *et al.*,

                    Defendants.

_____/

**BRIEF IN SUPPORT OF
DEFENDANT JEFF WRIGHT'S MOTION TO DISMISS PLAINTIFFS'
AMENDED SHORT FORM COMPLAINT AND
JURY DEMAND (ECF No. 143)**

# **TABLE OF CONTENTS**

INDEX OF AUTHORITIES.............................................................................. ii

CONCISE STATEMENT OF ISSUES PRESENTED ........................................... iv

CONTROLLING / MOST APPROPRIATE AUTHORITIES ................................v

INTRODUCTION ...........................................................................................1

STATEMENT OF FACTS ................................................................................1

ARGUMENT ..................................................................................................5

I.    The Court Should Dismiss Most of Plaintiffs' Claims Against Wright in Accordance with its Prior Holdings in *Walters* and *Sirls* .................................5

II.   Plaintiff Have Failed to State a Claim for Due Process – Denial of Right to Access to Judicial Remedies...........................................................................7

III.  Plaintiffs Have No Valid Claim and Have Failed to State a Claim for Intentional Infliction of Emotional Distress ...................................................14

CONCLUSION ...............................................................................................17

## <u>INDEX OF AUTHORITIES</u>

**CASES**

*Christopher v. Harbury*,
    536 U.S. 402, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002) ........................ 11, 13

*Doe v. Mills*,
    212 Mich App 73, 91, 536 NW2d 824 (1995) .............................................16

*Flagg v. City of Detroit*,
    715 F.3d 165, 173 (2013) ...................................................... 10, 11

*Poe v. Haydon*,
    853 F.2d 418, 429 (6th Cir.1988) ...................................................11

*Roberts v. Auto-Owners Ins. Co.*,
    422 Mich. 594, 374 NW2d 905 (1985) ........................................................15

*Shehee v. Luttrell*,
    199 F.3d 295, 200 (6th Cir.1999) ...................................................11

*Sousa v. Marquez*,
    702 F.3d 214, 127-128 (2d. Cir.2012)...........................................................10

*Taylor v. First of Am. Bank-Wayne*,
    973 F.2d 1284, 1287 (6th Cir.1992) ..............................................17

*Teadt v. Lutheran Church Missouri Syod*,
    237 Mich App 567, 582, 603 NW2d 816 (1999) .........................................15

*United Mine Workers v. Gibbs*,
    383 U.S. 715, 726 (1966) .........................................................................17

*Ziegler v. Aukerman*,
    512 F.3d 777, 781 (6th Cir.2008) .................................................9

## <u>RULES</u>

Fed. R. Civ. P. 10 ........................................................................................6

Fed. R. Civ. P. 12(b)(6)........................................................... 2, 7, 14, 18

## **<u>STATUTES</u>**

28 U.S.C. §1367 .................................................................................17

28 U.S.C. §1367(3) ............................................................................17

42 U.S.C. §1983 ...........................................................................9, 11

## <u>CONCISE STATEMENT OF ISSUES PRESENTED</u>

I.      SHOULD PLAINTIFFS' AMENDED SHORT FORM COMPLAINT BE
        DISMISSED AS THIS COURT HAS ALREADY DISMISSED MOST OF
        ITS CLAIMS AGAINST WRIGHT AND OTHERWISE DOES NOT
        ALLEGE FACTS SHOWING PLAUSIBLE LIABILITY AGAINST
        DEFENDANT WRIGHT?

        Defendant Wright answers, "No."

        Plaintiffs answer, "Yes."

II.     HAVE PLAINTIFFS PLED A VALID CLAIM OF DENIAL OF ACCESS
        TO JUDICIAL REMEDIES AGAINST WRIGHT WHERE THEY HAVE
        PLED NO UNDERLYING CAUSE OF ACTION AGAINST WRIGHT
        AND HAVE  FAILED TO PLEAD FACTS AS TO WRIGHT WHICH TIE
        HIM TO LEGIONELLA OR CONCEALMENT OF ITS OUTBREAK?

        Defendant Wright answers, "No."

        Plaintiffs answer, "Yes."

III.    HAVE PLAINTIFFS PLED A VALID STATE-LAW CLAIM OF
        INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS WHERE
        THEY HAVE FAILED TO PLEAD PLAUSIBLE FACTS AS TO
        WRIGHT WHICH TIE HIM TO LEGIONELLA OR CONCEALMENT OF
        ITS OUTBREAK AND SHOULD THIS COULD EXERCISE
        JURISDICTION AS TO THIS CLAIM WHERE ALL FEDERAL CLAIMS
        HAVE BEEN OR ARE SUBJECT TO DISMISSAL?

        Defendant Wright answers, "No."

        Plaintiffs answer, "Yes."

## <u>CONTROLLING / MOST APPROPRIATE AUTHORITIES</u>

<u>Cases</u>

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)

*Walters v. Michigan* (ECF No. 233 in Case No. 17-10164)

*Sirls v. Michigan* (ECF No. 165 in Case No. 17-cv-10342)

*Flagg v. City of Detroit*, 715 F.3d 165, 173 (2013)

*Shehee v. Luttrell*, 199 F.3d 295, 200 (6th Cir.1999)

*Christopher v. Harbury*, 536 U.S. 402, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002)

*Teadt v. Lutheran Church Missouri Syod¸*237 Mich App 567, 582, 603 NW2d 816 (1999)

*Doe v. Mills*, 212 Mich App 73, 91, 536 NW2d 824 (1995)

*Taylor v. First of Am. Bank-Wayne*, 973 F.2d 1284, 1287 (6th Cir.1992)

<u>Rules</u>

Fed. R. Civ. P. 12(b)(6)

Fed. R. Civ. P. 8(a)(2)

<u>Statutes</u>

42 U.S.C. §1983

28 U.S.C. §1367

**INTRODUCTION**

On August 2, 2019, this Court issued its Opinion and Order dismissing all claims against Wright in the Amended Long Form Complaint and in the *Walters* and *Sirls* Amended Short-Form Complaints. In doing so, consistent with its ruling in *Carthan*, this Court has dismissed all claim in the Flint Water Cases except the Denial of Access to Judicial Remedies and Intentional Infliction of Emotional Distress claims in the *Marble* Amended Short-Form Complaint ("SFC"), filed September 9, 2019. Plaintiffs plead no facts which plausibly tie Wright to the legionella outbreak in Genesee County. Because this Court has already considered and dismissed the other claims in the SFC as to Wright, and the Plaintiffs have otherwise failed to state valid claims against him, their SFC should be dismissed.

**STATEMENT OF FACTS**

On August 2, 2019, this Court issued Opinion and Order Granting in Part and Denying in Part Plaintiffs' Motion for Leave to File an Amended Master Complaint and Granting in Part and Denying in Part Defendants' Motions to Dismiss Plaintiffs' Amended Short-Form Complaints. (See ECF No. 233 in Case No. 17-10164 and ECF No. 165 in Case No. 17-cv-10342). **As to Wright, this Court dismissed all of the Plaintiffs' claims against him**.[1]

---

[1] For the Court's ease of reference, Wright provides citations to the Court's Opinion and Order in *Walters*, only, as the same rulings were made in *Sirls*.

In *Walters* and *Sirls*, as to Plaintiffs' state-created danger claim, the Court held: "In this case, plaintiffs' state-created danger claim is identical to that in *Carthan*, and so the same reasoning applies here. Defendants' motions to dismiss plaintiffs' claim is granted." (ECF No. 233, Page ID 7190).

As to Plaintiffs' bodily integrity claim, the Court adopted its ruling in *Carthan* and further reasoned:

> In the present case, plaintiffs' allegations suffer from the same causation problem. The amended master complaint contains insufficient factual matter from which it can be inferred that … Wright … caused or prolonged their exposure to Flint's contaminated water. With Wright in particular, plaintiffs rely on the same contractual arrangement allegation to argue that he had control over the Flint water system…For this reason, plaintiffs fail to state a bodily integrity claim against these defendants.

(ECF No. 233, Page ID 7199-7200).

As to Plaintiffs' equal protection claims, both race- and wealth-based, the Court dismissed these as well (ECF No. 233, Page ID 7200), holding that amendments to the *Carthan* allegations were futile and subject to dismissal under Fed. R. Civ. P. 12(b)(6). (For wealth-based holdings, see ECF No. 233, Page ID 7155, 7159; For race-based holdings, see Page ID 7160, 7166). Plaintiffs' ancillary State-law claims under the Michigan Elliot-Larsen Civil Rights Act were also dismissed because they "provided insufficient factual allegations to warrant an inference of discriminatory intent." (ECF No. 233, Page ID 7169, 7201).

Plaintiffs' conspiracy claims, i.e., 42 U.S.C. §1985(3) were also dismissed. (ECF No. 233, Page ID 7200-7201).  The Court adopted its reasoning from *Carthan*, stating that "…plaintiffs shoulder a heavy pleading burden.  'Conspiracy claims must be pled with some degree of specificity[.]'[internal citations omitted]. '[V]ague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim[.]'"  (ECF No. 233, Page ID 7171).  The Court held Plaintiffs had pled only conclusory allegations "unsupported by material facts" and that further, they "fail[ed] to plausible allege that defendants were motivated by racial or any other invidious class-based animus."  (ECF No. 233, Page ID 7172). Their failure to "allege discriminatory motive under [any] of the theories they present[ed]…" resulted in dismissal of these claims.  (ECF No. 233, Page ID 7174).

Plaintiffs' other state-law claim, gross negligence, as to Wright, was also dismissed.  The Court held that, even assuming that all the defendants "proximately caused plaintiffs' injuries…" the Plaintiffs failed "to identify which one of them was the 'most, immediate, efficient, and direct [proximate] cause.'" As this is contrary to well-established Michigan law, the claim against Wright was dismissed.  (ECF No. 233, Page ID 7176-7177, 7201).

Finally, as to Plaintiffs' claim for punitive damages, the Court dismissed these claims with the exception of those Defendants for which certain claims were not dismissed, i.e., not Wright.  (ECF No. 233, Page ID 7205-7206).

Since the Court's August 2, 2019 dismissal of Wright from *Walter* and *Sirls* (and previous dismissal from *Carthan*), the Plaintiffs in *Marble* have sought to pursue additional claims against an additional Defendant, McLaren Regional Medical Center and have added a federal claim of Denial of Access to Judicial Remedies (ECF No. 143-1, Page ID 3240) and state-law claim for Intentional Infliction of Emotional Distress.  (ECF No. 143-1, Page ID 3262).

On September 10, 2019, the *Marble* Plaintiffs filed their Amended Short Form Complaint and Jury Demand.  (ECF No. 143).  In it, Plaintiffs allege the following counts as to Wright:

- Count  I – 42 U.S.C. §1983 – Substantive Due Process – State Created Danger; Count II 42 U.S.C. §1983 – Substantive Due Process – Bodily Integrity;

- Count III – 42 U.S.C. §1983 – Equal Protection of the Law – Race Based Discrimination;

- Count IV – 42 U.S.C. §1983- Wealth Based Discrimination;

- Count V[2] – 42 U.S.C. §1983 – Due Process Denial of Access to Judicial Remedies

---

[2] Count V appears twice as Plaintiff has incorporated Count V from the Master Long Form Complaint and also alleged a new cause of action, Count V, in "Exhibit A" to their SFC.

- Count V – 42 U.S.C. §1985(3) – Invidious Racial Animus;

- Count VI – MCL 37.2302 – Violation of Public Service Provisions of ELCRA; Count XII – Gross Negligence;

- Count XIII – Intentional Infliction of Emotional Distress;

- Count XV – Punitive Damages.

(ECF. No. 143, Page ID 3188-3189).

The facts alleged in support of these claims, as to Wright, are nearly identical to those set forth in *Walters* and *Sirls* except that Plaintiffs have added McLaren Regional Medical Center as a Defendant and purported to add them to the alleged conspiracy of which prior Plaintiffs improperly accused Wright. Finally, based upon Wright's reading of the dismissal in *Carthan*, *Walters*, and *Sirls*, the Court has not previously addressed the *Marble* Plaintiffs' claim for Intentional Infliction of Emotional Distress or the so-called "due process based on denial of right to access to judicial remedies" claim.

## **ARGUMENT**

**I.    The Court Should Dismiss Most of Plaintiffs' Claims Against Wright in Accordance with its Prior Holdings in *Walters* and *Sirls***

After the Court's August 8, 2019 Status Conference, it issued an Order relative to briefing and answering both the *Marble* and *Brown* short-form complaints. (See ECF No. 918 in Case No. 16-cv-10444). The Court's Order, in relevant part to this Motion, stated as follows:

5

With the exception of *Marble v. Snyder*, 17-cv-12942, and *Brown v. Snyder*, 18-cv-10726, discussed below, [the ruling in *Walters* and *Sirls*] applies to all individual Flint Water cases.

When answering the remaining individual complaints, defendants may reference their *Walters/Sirls* answers and then alert the Court to any differences that may exists.

To the extent that defendants file a motion to dismiss, they should limit their briefing to any claims or arguments not fully addressed by the Court in *Walters* and *Sirls*.

(ECF No. 918, Page ID 24165-24167 in Case No. 16-cv-10444).

Accordingly, Wright incorporates by reference his Motions to Dismiss filed in both *Walters* and *Sirls* pursuant to Fed. R. Civ. P. 10 and relies upon the same in requesting dismissal of all of the *Marble* Plaintiffs' claims against him.[3]

The Plaintiffs here have not alleged any additional facts in their extensive, sixty-eight (68) page "Exhibit A" attached to their SFC (See ECF No. 143-1) that would change the Court's holdings or require any different results from those found in *Walters, Sirls* and *Carthan*.  Plaintiffs have pleaded no facts tying Wright to the legionella outbreak in Flint or its concealment.  Instead, they allege the same due process violations, the same conspiracy theory with the Engineering Defendants and the exact same claims this Court has already dismissed.  As such, Wright's Motion should be granted under Rule 12(b)(6).

---

[3] Wrights' Motion to Dismiss in *Walters* is ECF No 138 in Case No. 17-cv-10164. Wright's Motion to Dismiss in *Sirls* is ECF No. 85 in Case No. 17-cv-10342.  As stated, these are incorporated by reference under Fed. R. Civ. P. 10.

## II.    Plaintiff Have Failed to State a Claim for Due Process – Denial of Right to Access to Judicial Remedies

As Plaintiffs have not added anything to the claims already ruled upon,

Wright will substantively address only those apparent "additional" claims added by

the *Marble* Plaintiffs.  The first such "claim" is styled, "Due process based on

denial of right to access to judicial remedies" and alleges the following:

> Plaintiffs were subjected to a conspiracy between McLaren and Government Defendants to cover-up evidence of exposure to deadly *legionella* bacteria that rendered Plaintiffs' judicial remedies inadequate or ineffective in violation of Plaintiffs' due process right to access to judicial remedies;"

(ECF No. 143-1, Page ID 3199-3200).

Plaintiffs' SFC goes on to identify Defendant Wright as a "Government

Defendant" (ECF No. 143-1, ¶29, Page ID 3209-3210), then alleges that Defendant

McLaren Hospital would not disclose and covered up the alleged wrongs that

"Government Defendants had inflicted…" (ECF No. 143-1, ¶41, Page ID 3215).

The SFC goes on to make allegations that have been previously considered and

dismissed by this Court with respect to Wright.  (See ECF No. 143-1, ¶¶72, 73, 76,

Page ID 3222-3223).  Plaintiffs then allege that many Defendants, *not including

Wright*, "created a dangerous public health crisis" when other Defendants, *not

including Wright*, set in motion the use of the Flint River as a water source for the

City of Flint.  (ECF No. 143-1, ¶78, Page ID 3223-3224).

Plaintiffs' SFC, in Count V, alleges generally that Government Defendants knew of a "substantial increase in the number of reported illnesses and deaths in Genesee County cause by exposure to the *legionella* bacteria beginning in May 2014, which in turn was caused by the use of the Flint River water as a source of public water." (ECF No. 143-1, ¶146, Page ID 3240-3241). Plaintiffs do not allege that Wright was aware of legionella before members of the general public or that as the Genesee County Drain Commissioner, there was any reason he would or should have known about it. Once learning this, Plaintiffs allege that "...the Government Defendants and McLaren agreed and undertook not to inform the public...of the significant risk of serious injury or death resulting from exposure of *legionella* bacteria found in the Flint water supply." (ECF No. 143-1, ¶148, Page ID 3241). Again, nothing specific as to Wright is pled. As a result, Plaintiffs allege, they were denied access to the courts in violation of their Fourteenth Amendment due process "right to effective access to a judicial action" because the alleged cover-up prevented Plaintiff from seeking justice prior to her passing. (ECF No. 143-1, ¶¶150-157, Page ID 3241-3243). In the twelve allegations that comprise this new claim, Plaintiffs do not mention Wright's name once. Plaintiffs never make any allegation to tie Wright to the legionella outbreak or its alleged cover up.

The Supreme Court has recognized a constitutional right of access to the courts, whereby a plaintiff with a nonfrivolous legal claim has the right to bring that claim to a court of law.  Identical to 42 U.S.C. §1983 claims, which permit individuals to bring suit against a state actor who deprives them of a federal right without due process of law, the right to access the courts claim does not create substantive rights.  *Id.*, citing *Ziegler v. Aukerman*, 512 F.3d 777, 781 (6th Cir.2008).  A "denial-of-access plaintiff must have an arguable, nonfrivolous underlying cause of action."  , and the government actor must do something affirmative to conceal or destroy evidence about the claim.

Preliminarily, there are two types of "access-to-courts" claims:  "claims that systemic official action frustrates a plaintiff in preparing and filing suits at the present time, where the suits could be pursued once the frustrating condition has been removed; and claims of specific cases that cannot be tried, no matter what official action may be in the future." *Id.* at 403.  Significantly, the Supreme Court noted:

> Thus, the access-to-courts right is **ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court**.  It follow that the underlying claim is an element that must be described in the complaint as though it were independently being pursued; and that, when the access claim (like this one) looks backward, the complaint must identify  a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought.   The underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give the defendant fair notice.

*Id.*

The type of claim sought by Plaintiffs here is a "backward-looking claim" in which the "government is accused of barring the courthouse door by concealing or destroying evidence so that the plaintiff is unable to ever obtain an adequate remedy on the underlying claim." *Flagg*, *supra*, at 173.  "Backward-looking claims are much less established than forward-looking claims" *see Sousa v. Marquez*, 702 F.3d 214, 127-128 (2d. Cir.2012)(pointedly assuming *arguendo*, instead of holding, that backward-looking claims are cognizable at all). In other words, without an underlying claim to be pursued, no claim for denial of access to the courts will exist.

The elements of a backward-looking denial of access claim are:  "(1) a non-frivolous underlying claim; (2) obstructive actions by state actors; 'substantial[] prejudice' to the underlying claim that cannot be remedied by the state court; and (4) a request for relief which the plaintiff would have sought on the underlying claim and is now otherwise unattainable." *Flagg*, *supra*, at 174 [internal citations omitted].  In pursuing this type of claim, "[p]laintiffs must make out the denial-of-access elements against each defendant in conformance with the requirements of §1983." *Id.*  The plaintiff must further demonstrate that "the actor 'directly participated' in the alleged misconduct, at least by encouraging, implicitly authorizing, approving or knowingly acquiescing in the misconduct, if not carrying

it out himself." *Id.*, *See Shehee v. Luttrell*, 199 F.3d 295, 200 (6ᵗʰ Cir.1999).  "To

prove acquiescence, it is not enough to show that the actor merely failed to act

against misconduct of which he was aware.  *Id.*; *Poe v. Haydon¸*853 F.2d 418, 429

(6ᵗʰ Cir.1988).

In *Christopher v. Harbury*, 536 U.S. 402, 122 S.Ct. 2179, 153 L.Ed.2d 413

(2002), the U.S. Supreme Court addressed and dismissed a similar claim to that

made here.  In *Christopher*,  where the plaintiff alleged that government officials

intentionally deceived her by concealing information that her husband had been

detained, tortured and executed by foreign army officers paid by the CIA.  As a

result, she claimed the cover-up denied her access to the courts by leaving her

"without information, or reason to seek information, with which she could have

brought a lawsuit that might have saved her husband's life."  *Id.* at 403.  The

Supreme Court affirmed the dismissal of her denial of access to courts claim,

holding that she had failed to state such a claim.  *Id.*  In doing so, the Supreme

Court reasoned:

> [Plaintiff's] complaint did not come even close to stating a constitutional
> denial-of-access claim upon which relief could be granted. It did not identify
> the underlying cause of action that the alleged disruption had compromised,
> leaving the District Court and the defendants to guess as to the unstated
> action supposedly lost and at the remedy being sought independently of
> relief that might be available on the complaint's other counts. [Plaintiff's]
> position did not improve when the Court of Appeals gave her counsel an
> opportunity at oral argument to supply the missing allegations. He stated that
> she would have brought an action for intentional infliction of emotional
> distress as one wrong for which she could have sought the injunctive relief

11

that might have saved her husband's life. But that does not satisfy the requirement that a backward-looking denial-of-access claim provide a remedy that could not be obtained on an existing claim, for the complaint's counts naming the CIA defendants, including the Guatemalan officer who allegedly tortured and killed her husband, are among the tort claims that survived the motion to dismiss in the District Court. [Plaintiff] can seek damages and possibly some sort of injunctive relief for the consequences of the infliction of emotional distress alleged in those counts, although she cannot obtain the order that might have saved her husband's life. But neither can she obtain such an order in her access claim, which therefore cannot recompense her for the unique loss she claims as a consequence of her inability to bring an intentional-infliction action earlier.

*Id.* at 404.

The claim by *Marble* Plaintiffs in their SFC suffers the same shortcomings as that in *Christopher*. First, they have failed to identify the underlying cause of action that "the alleged disruption had compromised." Moreover, they have not stated that claim in the remainder of the Plaintiffs' SFC—which as noted above, this Court has already considered and dismissed as to Wright.

Second, while Plaintiffs here seek to add a claim for intentional infliction of emotional distress as an underlying theory this was also dismissed in *Christopher*:

…she would have brought an action for intentional infliction of emotional distress as one wrong for which she could have sought the injunctive relief that might have saved her husband's life. But that does not satisfy the requirement that a backward-looking denial-of-access claim provide a remedy that could not be obtained on an existing claim…

*Id.* at 404.

Here, Plaintiffs take the same tack, but they currently seek damages and could seek some sort of injunctive relief for the consequences of the alleged "infliction of

12

emotional distress." *Christopher* held that this is insufficient and Plaintiffs have not pled a valid cause of action in their SFC under that theory.

Finally, just as with the claims previously dismissed by this Court, they have failed to specify any action of Wright that qualified as misconduct. Just as with the Plaintiffs in *Walters* and *Sirls*, Plaintiffs here alleged that he was aware of the potential issues with the Flint River as an interim water source, but nothing more. Plaintiffs plead no fact tying Wright to the legionella problem or indicating that he knew about it before the general public. As it held in *Carthan* relative to Plaintiffs' bodily integrity claim:

> …plaintiffs fail to state a claim against Wright because they do not who he either caused or prolonged their exposure to the contaminated water. First, plaintiffs do not plausibly allege that Wright caused their exposure because he had no oversight over Flint's transition to the Flint River.

(ECF No. 798, Case No. 16-cv-10444, Page ID 21200)

> Second, Wright did not prolog plaintiffs' exposure to the contaminated water. Plaintiffs do not plead that Wright took steps to deceive Flint residents about the safety of Flint's water following the transition, or that he otherwise played a role in any coverup. Although Wright may have been aware of the risk of harm plaintiffs faced, he did not cause their injuries. [footnoted omitted].

(ECF No. 798, Case No. 16-cv-10444, Page ID 21201).

Plaintiffs' denial of access to courts claim fails for the same—they have failed to plausibly plead anything Wright did to prevent them from accessing judicial

remedies.  For these reason, Plaintiffs' claim in Count V of their SFC must be dismissed under Fed. R. Civ. P. 12(b)(6).

### III.   Plaintiffs Have No Valid Claim and Have Failed to State a Claim for Intentional Infliction of Emotional Distress

Count XIII of Plaintiffs' SFC is a State-law claim for Intentional Infliction of Emotional Distress.  (ECF 143, Page ID 3188).  Based upon a reading of the Court's prior opinions dismissing all claims against Wright in *Carthan*, *Walters* and *Sirls*, it does not appear that the Court has previously considered this claim. However, there is no merit to it as is shown by *Walters* and *Sirls* plaintiffs' short-form complaints.  Also no facts are pled either in these Plaintiffs SFC or in their incorporated Master Long-Form Complaint that could plausibly lead to liability against Wright.

Plaintiffs' SFC claims intentional infliction of emotional distress against "All Defendants" and is comprised of five paragraphs.  (ECF No. 143-1, ¶¶222-226, Page ID 3262-3263).  Plaintiffs' claim fails for two reasons:  (1) Plaintiffs have failed to plead sufficient allegations that could plausibly lead to liability against Wright; and, (2) the Court should decline to exercise supplemental jurisdiction over this claim under 28 U.S.C. §1367.

First, even if Michigan law recognizes this tort[4], Plaintiffs have failed to

plead allegations to satisfy its elements, which are: "(1) extreme and outrageous

conduct, (2) intent or recklessness, (3) causation, and (4) severe emotional

distress." *Teadt v. Lutheran Church Missouri Syod*, 237 Mich App 567, 582, 603

NW2d 816 (1999). The threshold for showing extreme and outrageous conduct is

high. As explained in *Doe v. Mills*, 212 Mich App 73, 91, 536 NW2d 824 (1995):

> Liability for the intentional infliction of emotional distress has been found
> only where the conduct complained of has been so outrageous in character,
> and so extreme in degree, as to go beyond all possible bounds of decency,
> and to be regarded as atrocious and utterly intolerable in a civilized
> community. Liability does not extend to mere insults, indignities, threats,
> annoyances, petty oppressions, or other trivialities. It has been said that the
> case is generally one in which the recitation of the facts to an average
> member of the community would arouse his resentment against the actor,
> and lead him to exclaim, "Outrageous!" [Citations omitted.]

Whether a defendant's conduct may reasonably be regard as so extreme as to

permit recovery is a question of law for the court. *Id.* at 92.

In this matter, Plaintiffs have not alleged anything that Wright did or did not

do that could ever reach the threshold of "extreme and outrageous" conduct.

Moreover, just as with the previously dismissed §1985(3) claim in *Walters* and

*Sirls*, Plaintiffs have failed to plead facts about his intent (Their failure to "allege

discriminatory motive under [any] of the theories they present[ed]…" resulted in

---

[4]*Roberts v. Auto-Owners Ins. Co.*, 422 Mich. 594, 374 NW2d 905 (1985) suggests
that Michigan may not have formally recognized that tort, although later trial
courts and Court of Appeals opinions appear to have recognized it.

dismissal of these claims).  Plaintiffs have pled merely that other Defendants covered up their knowledge that legionella bacteria were present in Flint River water and that Plaintiffs may be exposed to the same.  Plaintiffs have not stated a claim under this theory as to Wright.

Finally, the Court should decline to exercise supplemental jurisdiction as all of Plaintiffs federal claims have and/or should be dismissed.  Of the counts against Wright, the vast majority arise under federal law.  As already held by this Court in *Walters* and *Sirls*, and explained above as to the judicial remedies claim, there is no basis for any of Plaintiffs' federal claims against Wright.  There is equally no basis for any of Plaintiffs' state-law claims, either and this Court should decline to exercise supplemental jurisdiction under 28 U.S.C. §1367 because, "if the federal claims are dismissed before trial, … the state claims should be dismissed as well." *Taylor v. First of Am. Bank-Wayne*, 973 F.2d 1284, 1287 (6th Cir.1992)(quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)).  Additionally, 28 U.S.C. §1367(3) states that the district court may decline to exercise supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction." *Id.*  This Court would have jurisdiction only over Plaintiffs' denial of judicial remedies claim, but because it should be dismissed, this state-law claim should also be dismissed.

16

## **CONCLUSION**

For the reasons set forth above, Wright requests that the Court dismiss all of

the *Marble* Plaintiffs claims against him pursuant to its prior rulings and Fed. R.

Civ. P. 12(b)(6).

<div style="margin-left: 40%;">

s/ Matthew T. Wise
Foley & Mansfield, P.L.L.P.
130 E. Nine Mile Road
Ferndale, MI 48220
(248) 721-4200
mwise@foleymansfield.com

</div>

Dated:  October 1, 2019      P76794

17

## CERTIFICATE OF SERVICE

I hereby certify that on **October 1, 2019** I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys and/or parties on record.

*s/ Shannon K. Breznai*

Shannon K. Breznai