## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

LASHEMA MARBLE, et al.;

      Plaintiffs,

v.

GOVERNOR RICK SNYDER, et al.,

      Defendants.

Case No. 5:17-cv-12942-JEL-MKM

Hon. Judith E. Levy
Magistrate Judge Mona K. Majzoub

_____

## MOTION OF DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC TO DISMISS THE AMENDED SHORT-FORM COMPLAINT

Defendants Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC (the VNA Defendants) respectfully move to dismiss the amended short-form complaint (Dkt. 143) filed on behalf of Plaintiffs LaShema Marble et al. As explained in the accompanying brief in support of the motion, all of Plaintiffs' claims should be dismissed, except for the claim for professional negligence brought by the Estate of Bertie Marble.

As Local Rule 7.1(a) requires, the VNA Defendants conferred with Plaintiffs' counsel concerning this motion. After the VNA Defendants explained the nature and legal basis for the motion, Plaintiffs' counsel stated that they would oppose it.

Respectfully submitted,

**CAMPBELL, CONROY & O'NEIL**          **BUSH SEYFERTH**
**P.C.**                              **PLLC**

By: /s/ *James M. Campbell*           By: /s/ *Cheryl A. Bush*
James M. Campbell                     Cheryl A. Bush (P37031)
Alaina M. Devine                      Michael R. Williams (P79827)
One Constitution Wharf, Suite 310     100 W. Big Beaver Road, Suite 400
Boston, MA 02129                      Troy, MI 48084
(617) 241-3000                        (248) 822-7800
jmcampbell@campbell-trial-lawyers.com bush@bsplaw.com
adevine@campbell-trial-lawyers.com    williams@bsplaw.com

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and*
*Veolia Water North America Operating Services, LLC*

Dated:  October 4, 2019

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LASHEMA MARBLE, et al.;

       Plaintiffs,

v.

GOVERNOR RICK SNYDER, et al.,

       Defendants.

Case No. 5:16-cv-12942-JEL-MKM

Hon. Judith E. Levy
Magistrate Judge Mona K. Majzoub

_____

# BRIEF IN SUPPORT OF MOTION OF DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC TO DISMISS THE AMENDED SHORT-FORM COMPLAINT

## STATEMENT OF ISSUES PRESENTED

1. Should the Court dismiss Plaintiffs' ordinary negligence and gross negligence claims for the reasons the Court has dismissed similar claims in other Flint water cases?

    **The VNA Defendants answer:** "Yes."

    **Plaintiffs answer:** "No."

2. Should the Court dismiss Plaintiffs' claim for intentional infliction of emotional distress (IIED) because Plaintiffs fail to plead the necessary facts to support an IIED claim?

    **The VNA Defendants answer:** "Yes."

    **Plaintiffs answer:** "No."

3. Should the Court dismiss Plaintiffs' Section 1983 claims because Plaintiffs fail to plead the necessary facts to support those claims?

    **The VNA Defendants answer:** "Yes."

    **Plaintiffs answer:** "No."

4. Should the Court dismiss Plaintiffs' claims for professional negligence as to all Plaintiffs except the Estate of Bertie Marble because those Plaintiffs do not allege a present, physical injury?

    **The VNA Defendants answer:** "Yes."

    **Plaintiffs answer:** "No."

5.      Should the Court dismiss Plaintiffs' punitive damages claim because Plaintiffs fail to plead any statutory basis for such a claim?

      **The VNA Defendants answer:**  "Yes."

      **Plaintiffs answer:**  "No."

# TABLE OF CONTENTS

STATEMENT OF ISSUES PRESENTED..................................................... i

CONTROLLING OR MOST APPROPRIATE AUTHORITIES........................... iv

INTRODUCTION ...................................................................................1

LEGAL STANDARD................................................................................2

ARGUMENT .........................................................................................3

I.   Plaintiffs' Gross Negligence And Ordinary Negligence Claims Should
     Be Dismissed Based On This Court's Prior Rulings .........................3

II.  Plaintiffs Do Not Sufficiently Plead An IIED Claim Against The VNA
     Defendants.................................................................................4

     A.   Plaintiffs Fail To State A Claim Based On Bertie Marble's Death ..........5

     B.   Plaintiffs Fail To State A Claim Based On A Supposed Cover-Up
          Of Bertie Marble's Death..............................................................8

III. Plaintiffs Do Not Sufficiently Plead Any Section 1983 Claim Against
     The VNA Defendants....................................................................9

     A.   Plaintiffs Fail To Plead That The VNA Defendants Acted Under
          Color Of State Law ....................................................................9

     B.   Plaintiffs Fail To Plead The Other Necessary Elements To Support
          Their Constitutional Claims .......................................................15

IV.  Bertie Marble's Relatives Fail To Sufficiently Plead Professional
     Negligence................................................................................20

V.   Plaintiffs' Punitive Damages Claim Should Be Dismissed .............21

CONCLUSION ....................................................................................22

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

*Doe v. Mills*,
536 N.W.2d 824 (Mich. Ct. App. 1995)

*In re Flint Water Cases*,
384 F. Supp. 3d 802 (E.D. Mich. 2019)

*Henry v. Dow Chem. Co.*,
701 N.W.2d 684 (Mich. 2005)

*Jackson v. Metro. Edison Co.*,
419 U.S. 345 (1974)

*Marie v. Am. Red Cross*,
771 F.3d 344 (6th Cir. 2014)

*Walters v. Flint*,
Nos. 17-cv-10164 & 17-cv-10342,
2019 WL 3530874 (E.D. Mich. Aug. 2, 2019)

## INTRODUCTION

Plaintiffs are family members of Bertie Marble, who died after contracting *legionella* while a patient at McLaren Regional Medical Center in Flint, Michigan. Am. Short-Form Compl. ¶ 6 (Dkt. 143) (Short Compl.); *id.* Ex. A ¶ 16.  They sue on behalf of the decedent's estate and on their own behalfs.  Defendants are the City of Flint; the State of Michigan; numerous city and state officials; Lockwood Andrews & Newnam, P.C., Lockwood Andrews & Newnam, Inc., and Leo A. Daly Company; and Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC (VWNAOS) (collectively, the VNA Defendants).  *Id.* ¶ 1.

This brief focuses on Plaintiffs' claims against the VNA Defendants.  Of Plaintiffs' eight claims, three are claims that the Court already has rejected, one is a claim that the Court should reject just as readily, and three are claims that were not properly added to the Complaint and should be rejected in any event.

Specifically, Plaintiffs include four claims against the VNA Defendants in the short-form complaint:  gross negligence, intentional infliction of emotional distress (IIED), professional negligence, and punitive damages.  Short Compl. ¶ 10.  Plaintiffs also attempt to raise four additional claims against the VNA Defendants by attaching an exhibit (Exhibit A) to the short-form complaint. Exhibit A is a complaint that has not been filed in this case but is substantially

similar to Plaintiffs' original complaint in this case (Dkt. 1). In addition to the claims in the short-form complaint, Exhibit A includes three Section 1983 claims and an ordinary negligence claim against the VNA Defendants. Plaintiffs did not follow the Court's procedure in bringing these additional claims, and so the claims should not be considered. But in an abundance of caution, this brief addresses all eight claims that Plaintiffs attempt to assert against the VNA Defendants.

All but one of those eight claims should be dismissed. This Court already has dismissed similar ordinary negligence, gross negligence, and punitive damages claims against the VNA Defendants. Although the Court has not yet considered IIED, Section 1983, or professional negligence claims against the VNA Defendants, with one exception each of those claims fails for the reasons provided below. The Court therefore should dismiss all of Plaintiffs' claims except for the estate's claim for professional negligence.

## LEGAL STANDARD

On a motion to dismiss for failure to state a claim, the Court "accept[s] non-conclusory allegations of fact in the complaint as true and determine[s] if the plaintiff has stated a plausible claim for relief." *Bright v. Gallia Cty.*, 753 F.3d 639, 652 (6th Cir. 2014) (internal quotation marks omitted). "A claim is plausible on its face if the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Chambers v. HSBC Bank USA, N.A.*, 796 F.3d 560, 567 (6th Cir. 2015) (internal quotation marks omitted).  That means that the complaint "must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Bickerstaff v. Lucarelli*, 830 F.3d 388, 396 (6th Cir. 2016) (internal quotation marks omitted).

In deciding whether the allegations are sufficient, "a legal conclusion couched as a factual allegation need not be accepted as true." *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016) (internal quotation marks omitted).  Although the Court may draw reasonable inferences from facts alleged in the Complaint, it may not assume facts that have not been pleaded.  *See Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 328 (6th Cir. 2006).

## ARGUMENT

## I. Plaintiffs' Gross Negligence And Ordinary Negligence Claims Should Be Dismissed Based On This Court's Prior Rulings

This Court already has considered, and dismissed, substantially similar claims against the VNA Defendants for ordinary negligence and gross negligence. In its opinion addressing the motions to dismiss in *Carthan*, the Court held that "negligence claims against LAN and Veolia may only be brought as professional negligence claims" and not as ordinary negligence claims.  *See In re Flint Water Cases*, 384 F. Supp. 3d 802, 871 (E.D. Mich. 2019) (citing the Court's two prior

decisions to this effect).   The Court also held that gross negligence is not a freestanding cause of action under Michigan law.  *Id.* at 871-72.

Plaintiffs provide no reason for the Court to revisit those rulings.  And the Court has instructed the parties to limit briefing to new claims or arguments.  *See* Order Regarding Matters Discussed at the Aug. 7, 2019, Status Conference at 2, *In re Flint Water Cases*, No. 16-cv-10444 (E.D. Mich. Aug. 12, 2019) (Dkt. 918). The VNA Defendants therefore rest on their prior briefing and on the Court's prior rulings.  Plaintiffs' ordinary negligence and gross negligence claims should be dismissed.

## II.   Plaintiffs Do Not Sufficiently Plead An IIED Claim Against The VNA Defendants

Plaintiffs' IIED claim fails because Plaintiffs fail to plead all of the elements needed for an IIED claim.  To prove IIED, a plaintiff must establish "(1) extreme and outrageous conduct; (2) intent or recklessness; (3) causation; and (4) severe emotional distress."  *Roberts v. Auto-Owners Ins.*, 374 N.W.2d 905, 908 (Mich. 1985) (internal quotation marks omitted).

Here, Plaintiffs allege two theories of IIED:   (1) the VNA Defendants intentionally inflicted emotional distress on Bertie Marble and her family by causing her death from *legionella*, *see* Short Compl. ¶ 9; and (2) the VNA Defendants intentionally inflicted emotional distress on family members by

participating in the alleged cover-up of Bertie Marble's death, *id.* Ex. A ¶ 224. Plaintiffs have not pleaded sufficient facts to support either theory.

### A.    Plaintiffs Fail To State A Claim Based On Bertie Marble's Death

Plaintiffs' first theory fails because they do not plausibly allege that the VNA Defendants' actions were "extreme" or "outrageous" with respect to Bertie Marble's death, or that the VNA Defendants intended for Bertie Marble or her family to suffer emotional distress or acted with reckless disregard for that outcome.  Plaintiffs thus do not plead the outrageous conduct or state of mind required for an IIED claim.

**Outrageous conduct.**  "Liability for the intentional infliction of emotional distress has been found only where the conduct complained of has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community."  *Doe v. Mills*, 536 N.W.2d 824, 833 (Mich. Ct. App. 1995); *see, e.g.*, *Llewellyn-Jones v. Metro Prop. Grp., LLC*, 22 F. Supp. 3d 760, 794 (E.D. Mich. 2014) (using same standard).  This is a high bar that is difficult to meet even in egregious situations.  *Chavez v. Waterford Sch. Dist.*, 720 F. Supp. 2d 845, 860 (E.D. Mich. 2010); *see VanVorous v. Burmeister*, 687 N.W.2d 132, 142 (Mich. Ct. App. 2004) ("The threshold for showing extreme and outrageous conduct is

high."), *overruled on other grounds by Odom v. Wayne Cty.*, 760 N.W.2d 217 (Mich. 2008).

Plaintiffs' allegations against the VNA Defendants fall far short of satisfying this standard. Plaintiffs barely connect the VNA Defendants to any *legionella* cases, much less to Bertie Marble's in particular. Plaintiffs allege that the first *legionella* outbreak occurred no later than "the summer of 2014," Short Compl. Ex A ¶ 83 – over six months before the City hired the VNA Defendants in February 2015, *see id.* Ex. A ¶ 87. So the VNA Defendants plainly did not cause the *legionella* outbreak in Flint.

Plaintiffs assert that the VNA Defendants failed to properly evaluate Flint's water system and failed to conduct a root cause analysis, which Plaintiffs allege would have uncovered the corrosion problems that caused the *legionella* issues. Am. Master Long-Form Compl. ¶¶ 337, 342, *Walters v. Snyder*, No. 17-cv-10164 (E.D. Mich. Nov. 28, 2018) (Dkt. 185-2) (Master Compl.); Short Compl. Ex. A ¶¶ 10, 87-90, 195. Plaintiffs do not allege that the VNA Defendants knew about any *legionella* issues; instead, they allege only that the VNA Defendants should have known about those issues.

If accepted as true, Plaintiffs' allegations amount to at most negligence, not outrageous and extremely culpable conduct. Negligent conduct is not enough for an IIED claim. *See Merriweather v. IBM*, 712 F. Supp. 556, 565 (E.D. Mich.

1989) ("mere negligence" could not support an IIED claim); *see also Taylor v. DLI Props., L.L.C.*, No. 15-cv-13777, 2017 WL 3027896, at *8 (E.D. Mich. July 17, 2017) (granting summary judgment on an IIED claim that simply restated "plaintiffs' negligent hiring, training, and supervision claims").  Plaintiffs thus fail to plead the requisite outrageous conduct.

**State of Mind.**  To satisfy the state of mind element, Plaintiffs were required to allege either that the VNA Defendants "specifically intended to cause [them] emotional distress" or that the VNA Defendants' conduct "was so reckless that any reasonable person would know [that] emotional distress would result."  *Lewis v. LeGrow*, 670 N.W.2d 675, 689 (Mich. Ct. App. 2003) (internal quotation marks omitted).

Plaintiffs do not sufficiently plead this element.  All Plaintiffs assert is that "Defendants" (referring to all Defendants, not the VNA Defendants in particular) "intended to cause emotional injury to Bertie Marble or recklessly disregarded the probability that Plaintiffs would suffer such harm."  Short Compl. Ex. A ¶ 225.  Plaintiffs include no state of mind allegations about the VNA Defendants in particular.  Plaintiffs do not allege that the VNA Defendants intended for Bertie Marble (or anyone else) to contract *legionella*, much less that they intended that anyone suffer severe emotional distress as a result of her death.  Nor do Plaintiffs allege that the VNA Defendants acted recklessly in connection with Bertie

Marble's death.  Indeed, Plaintiffs do not plead even that the VNA Defendants were aware of *legionella* issues during their short time in Flint.  So Plaintiffs cannot possibly allege that the VNA Defendants had the necessary state of mind with respect to Bertie Marble's death from *legionella*.  Plaintiffs' IIED claim related to Bertie Marble's death therefore should be dismissed.  *See, e.g.*, *Colson v. City of Alcoa*, No. 3:16-CV-377, 2017 WL 1730911, at *12 (E.D. Tenn. May 2, 2017) (dismissing IIED claim containing only conclusory allegations of state of mind and intent).

### B.   Plaintiffs Fail To State A Claim Based On A Supposed Cover-Up Of Bertie Marble's Death

Plaintiffs' second IIED theory is that they suffered severe emotional distress because the "true cause . . . of the death of . . . [Bertie Marble] was . . . concealed from them."  Short Compl. ¶ 9.  Plaintiffs do not allege that the VNA Defendants were involved in this alleged cover-up.  Instead, they allege that certain *Government* Defendants "instructed, permitted, and agreed that [McLaren Regional Medical Center] would conceal the notable increase in cases" of *legionella*, *id.* ¶ 21, and that, as part of this alleged conspiracy, McLaren Regional Medical Center concealed from family members that Bertie Marble had died from *legionella*, *id.* ¶ 22.

The VNA Defendants are entirely absent from these allegations.  Plaintiffs do not even allege that the VNA Defendants knew of Bertie Marble, much less that

8

they knew that she was a patient at McLaren Medical Center.  Accordingly, as to the VNA Defendants, Plaintiffs fail to plead outrageous conduct, state of mind, or causation based on the alleged cover-up.  This IIED claim should be dismissed.

### III.  Plaintiffs Do Not Sufficiently Plead Any Section 1983 Claim Against The VNA Defendants

Plaintiffs raise three claims under 42 U.S.C. § 1983:  state-created danger, race-based discrimination in violation of the Equal Protection Clause, and violation of Bertie Marble's right to bodily integrity.  Short Compl. Ex. A ¶¶ 109-44.  These claims fail for two reasons.  First, Plaintiffs did not plead that the VNA Defendants acted under color of law, a necessary element for any claim under Section 1983.  Second, the claims fail for lack of sufficient allegations.  The state-created danger and equal protection claims are identical to the claims that this Court dismissed from the long-form complaint; the only difference is that Plaintiffs here also bring those claims against the VNA Defendants.  That addition does not rectify the deficiencies in those claims.  And Plaintiffs cannot show that the VNA Defendants knew that Bertie Marble was at a substantial risk of *legionella* exposure and disregarded that risk, so the bodily integrity claim fails as well.

#### A.  Plaintiffs Fail To Plead That The VNA Defendants Acted Under Color Of State Law

All of the Section 1983 claims against the VNA Defendants should be dismissed because the VNA Defendants are not state actors.  A Section 1983 claim

can be asserted only against "a person acting under color of state law." *Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010); *see, e.g.*, *Lorenzi v. Lorenzi*, 44 F. App'x 683, 685 (6th Cir. 2002). "Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted).

As Plaintiffs acknowledge, the VNA Defendants are private companies. *See* Short Compl. Ex. A ¶¶ 61-63 (recognizing that all VNA Defendants are limited liability companies under Delaware law). They are not state officials or state entities. And they cannot be deemed state actors merely by virtue of serving as consultants to a government entity. As the Seventh Circuit has explained, "[t]he mere fact that [a defendant] acted as [a] consulting engineer[] on [a] project is insufficient to establish state action." *Bowman v. City of Franklin*, 980 F.2d 1104, 1108 (7th Cir. 1992); *see also Roman Catholic Diocese of Rockville Ctr. v. Inc. Vill. of Old Westbury*, No. 09 cv 5195, 2011 WL 666252, at *7 (E.D.N.Y. Feb. 14, 2011) ("[C]onsultants merely providing advice to aid in municipalities' decisions are not engaging in state action for purposes of Section 1983 liability.").

Instead, the VNA Defendants may be deemed state actors for purposes of Section 1983 only if their actions "so approximate state action that they may be

fairly attributed to the state." *Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000); *see Nat'l Collegiate Athletic Ass'n v. Tarkanian,* 488 U.S. 179, 192 (1988) ("[T]he question is whether the State was sufficiently involved to treat that decisive conduct as state action.").   Under Sixth Circuit law, there are four ways in which a private party can act under color of state law:   (1) the private party is performing a public function; (2) the State is compelling the private party's conduct; (3) the State has a very close nexus to the specific actions at issue; and (4) the State is pervasively entwined in the management or control of the private party. *Marie v. Am. Red Cross*, 771 F.3d 344, 362 (6th Cir. 2014).

Plaintiffs allege that the VNA Defendants are state actors under *only* the first standard.   Specifically, Plaintiffs allege that the VNA Defendants "deliberately implemented and approved a plan to use Flint River water as public water, notwithstanding its known dangerous and potentially life-threatening qualities" and "[i]n so acting," the VNA Defendants "acted in a public capacity and, therefore, under color of law."   Short Compl. Ex. A ¶ 66.

This bare allegation is insufficient to justify calling the VNA Defendants state actors, for two reasons.   First, its factual premise is definitively precluded by Plaintiffs' allegation that the VNA Defendants did not become involved in Flint until February 2015, nearly a year after the City decided to switch to Flint River Water.   *See* Short Compl. Ex. A ¶ 87.   Second, under Supreme Court and Sixth

11

Circuit precedent, it falls far short of alleging the facts necessary to establish that the VNA Defendants were performing a public function.

For purposes of the "public function" standard, a private party acts under color of state law if the private party "exercise[s] powers which are traditionally exclusively reserved to the state." *Wilcher v. City of Akron*, 498 F.3d 516, 519 (6th Cir. 2007) (internal quotation marks omitted). The key point is that the powers have to be *exclusively* reserved to the State, and only very few powers meet that test. "Only functions like holding elections, exercising eminent domain, and operating a company-owned town fall under this category." *Chapman v. Higbee Co.*, 319 F.3d 825, 833-34 (6th Cir. 2003) (citations omitted). And "the burden is on [the plaintiff] to" plead facts "giving rise [to] a reasonable inference that [the defendant exercised powers] traditionally exclusively in the province of the State." *Marie*, 771 F.3d at 362.

Plaintiffs do not allege that the VNA Defendants engaged in any public function of this sort. All that Plaintiffs allege is that the VNA Defendants "advis[ed]" the City of Flint about the City's water supply. Short Compl. Ex. A ¶ 65. But the Supreme Court has held that "the furnishing of utility services" is *not* a function exclusively reserved to the State. *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 353 (1974). And Plaintiffs do not allege that the VNA Defendants provided utility services directly; instead, they acknowledge that the VNA

12

Defendants were engaged for a short-term consulting assignment in Flint. Short Compl. Ex. A ¶ 87. The VNA Defendants' conduct thus cannot be attributed to the State on the theory that they were engaging in a public function.

Because the complaint does not allege that the VNA Defendants are state actors under any of the other three standards, the Court can stop there. In any event, nothing in the complaint suggests that Plaintiffs could allege that the VNA Defendants are state actors under those standards.

**State compulsion.** Under the state compulsion analysis, a private party acts under color of state law if the State "exercise[s] such coercive power" over, or "provide[s] such significant encouragement" to, a private party that the private party's actions should be "deemed to be that of the state." *Wilcher*, 498 F.3d at 519 (internal quotation marks omitted). That could be the case, for example, if "state officials coerced or participated in the company's decision-making." *Id.* at 520.

Plaintiffs do not allege that state actors coerced or controlled the VNA Defendants' decisionmaking. To the contrary, Plaintiffs recognize that the VWNAOS was hired as an outside consultant to provide independent advice to the City. *See* Master Compl. ¶ 321 (alleging that the City was "relying upon the professional reputation, experience, certification, and ability of [VWNAOS]"). Plaintiffs therefore have not pleaded compulsion.

13

**Nexus.** Under the nexus analysis, a private party's actions are considered to be state action if "there is a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself." *Wilcher*, 498 F.3d at 520 (internal quotation marks omitted). A one-time contract for professional services – which is all that is alleged here – does not provide a sufficient nexus. *S.H.A.R.K. v. Metro Parks Serving Summit Cty.*, 499 F.3d 553, 565 (6th Cir. 2007). Plaintiffs do not allege that the State controlled the VNA Defendants' actions in Flint or that the VNA Defendants' work was the product of the State. Plaintiffs therefore have not pleaded the type of very close connection between the State and the VNA Defendants' conduct that would be necessary for Section 1983 liability.

**Entwinement.** Under the entwinement analysis, a private party can be treated as a state actor if "the government is entwined in the private entity's management or control" or the private party is "entwined with governmental policies." *Marie*, 771 F.3d at 363 (internal quotation marks omitted); *see Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 298 (2001) (private party is a state actor if there is "pervasive entwinement of public institutions and public officials in its composition and workings"). The VNA Defendants are private parties, completely separate from any Government Defendant. Plaintiffs allege no facts suggesting that any government actor controls

14

or has any role in the management of any of the VNA Defendants.  Nor do they allege any facts suggesting that the VNA Defendants are directed by or otherwise connected with any governmental policies.  The VNA Defendants accordingly were not state actors under the entwinement analysis.

In sum, Plaintiffs do not allege that the VNA Defendants acted under color of state law in any way recognized by the Sixth Circuit.  And there is specific law to the contrary, explaining that government consultants are not state actors.

### B.   Plaintiffs Fail To Plead The Other Necessary Elements To Support Their Constitutional Claims

Even if the VNA Defendants were acting under color of state law, Plaintiffs fail to allege the facts necessary to show a constitutional violation.

**State-created danger.**  Plaintiffs allege that Government and Engineering Defendants created a danger by causing the Flint water crisis and exposed Plaintiffs to that danger in violation of Plaintiffs' due process rights.  Short Compl. Ex. A ¶ 111.  This is essentially the same claim as one involving Government Defendants that this Court already considered and rejected.

Specifically, in *Walters* this Court dismissed the state-created danger claim brought against Government Defendants in the amended long-form complaint.  *See Walters v. Flint*, Nos. 17-cv-10164 & 17-cv-10342, 2019 WL 3530874, at *35 (E.D. Mich. Aug. 2, 2019).  The Court explained that the plaintiffs failed to allege two of the elements of a state-created danger claim:  that a state actor increased the

risk that any plaintiff would be exposed to an act of violence by a third party, and that the state actor created a special danger to a discrete class of individuals. *Id.* at *33-35 (citing *In re Flint Water Cases*, 384 F. Supp. 3d at 862-65); *see Jones v. Reynolds*, 438 F.3d 685, 690 (6th Cir. 2006) (listing elements of a state-created danger claim).

Plaintiffs do not add any new allegations to the long-form complaint, and so their claim should be dismissed for the same reasons that the Court dismissed the state-created-danger claims. Like the allegations in the long-form complaint, Plaintiffs do not allege any third-party harm. Also like in the long-form complaint, Plaintiffs identify all Flint residents as the supposedly discrete class of individuals harmed. *Compare* Short Compl. Ex. A ¶ 113 ("[T]hose persons who live in the City of Flint or who happen to use Flint water."), *with* Master Compl. ¶ 493 ("Flint water users and property owners."). Thus, Plaintiffs have done nothing to cure the deficiencies in the state-created danger claim alleged in the long-form complaint that this Court identified in *Walters*.

Further, although Plaintiffs assert their state-created danger claim against the VNA Defendants, they do not plead a single allegation about the VNA Defendants in connection with the claim. *See* Short Compl. Ex. A. ¶¶ 109-16 (referring solely to "Government Defendants"). The state-created danger claim plainly is deficient.

16

**Equal protection.**   Plaintiffs allege that Government Defendants and Engineering Defendants violated their right to equal protection of the law by treating the "predominantly African American" water users of Flint differently from the "predominantly white" water uses of Genesee County outside of Flint. Short Compl. Ex. A ¶ 138.  This also is essentially the same as a claim against Government Defendants that this Court already has rejected.

The long-form complaint brings an equal protection claim against Government Defendants on the ground that those Defendants treated residents of Flint differently from residents of majority-white localities.   Master Compl. ¶¶ 507-22.   This Court dismissed that claim in *Walters*, explaining that the plaintiffs failed to allege that Government Defendants acted with discriminatory purpose in switching to Flint River water for the City of Flint or in taking any other action related to the Flint Water Crisis.  *See Walters*, 2019 WL 3530874, at *22-25, 39 (citing *In re Flint Water Cases*, 384 F. Supp. 3d at 846-49); *see also City of Cuyahoga Falls v. Buckeye Cmty. Hope Found.*, 538 U.S. 188, 194 (2003) ("[P]roof of . . . discriminatory intent or purpose is required to show a violation of the Equal Protection Clause." (internal quotation marks omitted)).

Plaintiffs here do not add any new allegations that warrant a different outcome.  Their sole conclusory allegation of discriminatory purpose is identical to the (rejected) allegation in the long-form complaint.  *Compare* Short Compl. Ex. A

17

¶ 140 ("Given the clear difference in the treatment between [Flint residents and non-Flint residents], the deliberate and intentional decisions and actions of these Defendants in devising the Interim Plan was the product of racial discrimination."), *with* Master Compl. ¶ 518 (same).  And Plaintiffs do not include any allegations about the VNA Defendants; their factual allegations mention only *Government* Defendants.  *See* Short Compl. Ex. A. ¶¶ 134-44 (referring only to "Defendants Snyder, Dillon, Wright, Walling, Ambrose, Kurtz, and Earley").  The VNA Defendants had nothing to do with the conduct that is described in these allegations:  The equal protection claim is based only on the switch to Flint River Water, *see id.* Ex. A ¶¶ 138-39, which took place months before the VNA Defendants ever were involved in Flint, *see id.* Ex. A ¶¶ 46, 87.  So the equal protection claim fails as well.

**Bodily integrity.**  Plaintiffs allege that Defendants – without saying which ones – interfered with Bertie Marble's right to bodily integrity guaranteed by the Due Process Clause.  Short Compl. Ex. A ¶ 119.  This Court considered a similar claim against various Government Defendants in *Walters*.  The Court explained that a plaintiff must plead three elements to state a bodily integrity claim:  (1) that the defendant knew of facts from which it could infer a substantial risk of serious harm; (2) that the defendant did infer the risk; and (3) that the defendant nonetheless acted with indifference and callous disregard towards the rights of

18

those affected.  *Walters*, 2019 WL 3530874, at *35.  The Court concluded that the long-form complaint does not sufficiently allege all three factors against all Government Defendants – for example, the long-form complaint does not allege that some Defendants acted with indifference or callous disregard towards the plaintiffs' rights.  *Id.* at *36.

Plaintiffs do not plead the first element here.  They do not allege that the VNA Defendants knew of facts from which they could infer that Bertie Marble was at a substantial risk of exposure to *legionella*.  All that Plaintiffs allege is that the VNA Defendants should have known of that risk because they should have conducted a root cause analysis, Master Compl. ¶ 337, or because Flint had a *legionella* outbreak in 2014, before the VNA Defendants arrived in Flint, *id.* ¶ 342. The VNA Defendants thus are differently situated from the State and City officials, who received information about the *legionella* issues.  *See, e.g.*, *Walters*, 2019 WL 3530874, at *36.

Plaintiffs fail to plead the remaining two elements as well.  Those elements depend on the VNA Defendants having had actual knowledge of relevant facts about *legionella*.  Without knowledge of those facts, the VNA Defendants could not have inferred the risk of serious harm or disregarded that risk.   Not surprisingly, Plaintiffs do not even attempt to plead those two remaining elements.

For that reason as well, Plaintiffs' Section 1983 claims against the VNA Defendants should be dismissed.

## IV. Bertie Marble's Relatives Fail To Sufficiently Plead Professional Negligence

It is unclear whether Bertie Marble's surviving family members intend to assert a claim for professional negligence against the VNA Defendants. Plaintiffs checked the box for this claim on the short-form complaint without specifying which Plaintiffs bring the claim, Short Compl. ¶ 10, but also say in Exhibit A that only the decedent's estate alleges a professional negligence claim, *see id.* Ex. A 56. If the family members are in fact asserting a professional negligence claim, the Court should reject it because these Plaintiffs fail to allege a present, physical injury.

Under Michigan law, "plaintiffs alleging negligence claims" must "demonstrate a present physical injury to person or property." *Henry v. Dow Chem. Co.*, 701 N.W.2d 684, 690 (Mich. 2005). Claims for "emotional distress [can be] the basis for a negligence action only when a plaintiff can also establish *physical* manifestations of that distress." *Id.* at 692. Requiring that a plaintiff show present, physical injury "establishes a clear standard by which judges can determine which plaintiffs have stated a valid claim" and which plaintiffs' claims are better addressed to the Legislature. *Id.* at 691.

Here, the family members do not allege that they suffered any physical injuries at all.  None of the family members are Flint residents, and they do not allege that they were exposed to Flint water.  Short Compl. ¶ 6.  They allege only "pain and suffering and emotional injury."  *Id.* ¶ 9.  Without an allegation of a present, physical injury, the professional negligence claim fails.  *See Means v. U.S. Conference of Catholic Bishops*, 836 F.3d 643, 653 (6th Cir. 2016) (allegations of "physical and mental pain, emotional injuries, a riskier delivery, shock and emotional trauma . . . are not sufficient to state an injury under Michigan negligence law").

## V.    Plaintiffs' Punitive Damages Claim Should Be Dismissed

This Court previously has considered, and rejected, punitive-damages claims against the VNA Defendants for their activities in Flint.  *E.g.*, *Walters*, 2019 WL 3530874, at *41; *In re Flint Water Cases*, 398 F. Supp. 3d at 872 n.27.  In those cases, the plaintiffs brought professional negligence claims against the VNA Defendants, and the Court explained that punitive damages are not available under Michigan law for negligence.  *Walters*, 2019 WL 3530874, at *41.  Here, Plaintiffs' claim for punitive damages for professional negligence should be dismissed for the same reasons.

Plaintiffs also seek punitive damages in connection with their Section 1983 claims.  As discussed above, however, the Section 1983 claims are manifestly

21

deficient and should be dismissed. Because those claims fail, the punitive damages claim premised on them fails as well. That fundamental failing aside, punitive damages are appropriate in Section 1983 cases only "where the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Blair v. Harris*, 993 F. Supp. 2d 721, 732 (E.D. Mich. 2014) (internal quotation marks omitted). As to the VNA Defendants, Plaintiffs do not plead any factual allegations that meet that standard.

## CONCLUSION

The Court should dismiss all claims other than the estate's professional negligence claim.

Respectfully submitted,

**CAMPBELL, CONROY & O'NEIL P.C.**

By: /s/ *James M. Campbell*
James M. Campbell
Alaina M. Devine
One Constitution Wharf, Suite 310
Boston, MA 02129
(617) 241-3000
jmcampbell@campbell-trial-lawyers.com
adevine@campbell-trial-lawyers.com

**BUSH SEYFERTH PLLC**

By: /s/ *Cheryl A. Bush*
Cheryl A. Bush (P37031)
Michael R. Williams (P79827)
100 W. Big Beaver Road, Suite 400
Troy, MI 48084
(248) 822-7800
bush@bsplaw.com
williams@bsplaw.com

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated: October 4, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2019, I electronically filed the foregoing document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.


By: __/s/ *James M. Campbell*__
James M. Campbell
jmcampbell@campbell-trial-lawyers.com