UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| *In Re* Flint Water Cases,<br>_____/ | **Case No. 5:16-cv-10444-JEL-MKM**<br>**(consolidated)** |
| LASHEMA MARBLE, individually and as Personal Representative for Estate of Bertie Marble, Dec'd, *et al.,* | Honorable Judith E. Levy<br>Magistrate Judge Mona K. Majzoub |
| Plaintiffs,<br>vs. | Case No. 5:17-cv-12942-JEL-MKM |
| GOVERNOR RICK SNYDER, *et al.,*<br>Defendants.<br>_____/ | |

**DEFENDANT JEFFREY WRIGHT'S REPLY BRIEF TO PLAINTIFFS' BRIEF IN OPPOSITION TO THE DEFENDANTS' MOTION TO DISMISS (ECF No. 176)**

# **TABLE OF CONTENTS**

INDEX OF AUTHORITIES ................................................................................................... ii

CONTROLLING / MOST APPROPRIATE AUTHORITIES ..................................................... iii

REPLY BRIEF ........................................................................................................................ 1

1. Plaintiffs Failed to Respond to the Substance of Wright's Motion to Dismiss and Its Allegations in ECF No. 176 Are Untimely ............................. 1

2. Plaintiffs' Response Contains Only the Same Allegations Previously Dismissed as to Wright ................................................................................. 4

CONCLUSION ....................................................................................................................... 7

# INDEX OF AUTHORITIES

## **CASES**

*Buck v. U.S. Dept. of Agriculture, F.H.A*, 960 F.2d 603, 608-09 (6th Cir. 1992).....3

*Coston v. Detroit Edison Co.*, 789 F.2d 377, 378-379 (6th Cir. 1986) ......................4

*Harmon v. CSX Transportation, Inc.* 110 F.3d 364, 368 (1997)...............................3

## **RULES**

E.D. Mich. L.R. 7.1(c)(1).................................................................................3, 4

# CONTROLLING / MOST APPROPRIATE AUTHORITIES

## CASES

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)

*Walters v. Michigan* (ECF No. 233 in Case No. 17-10164)

*Sirls v. Michigan* (ECF No. 165 in Case No. 17-cv-10342)

*Carthan v. Snyder* (ECF No. 798 in Case No. 16-cv-10444)

*Harmon v. CSX Transportation, Inc.* 110 F.3d 364, 368 (1997)

## RULES

Fed. R. Civ. P. 12(b)(6)

Fed. R. Civ. P. 8(a)(2)

E.D. Mich. L.R. 7.1

# REPLY BRIEF

On September 9, 2019, the *Marble* Plaintiffs filed their Amended Short-Form Complaint and Jury Demand. (ECF No. 143). Despite Defendant Jeffrey Wright's ("Wright") dismissal in *Carthan*, *Walters* and *Sirls*, the *Marble* Plaintiffs elected to name him as a Defendant in this individual action. (ECF No. 140, Page ID# 3184). Plaintiffs made no new factual allegations against Wright. As a result, Wright filed a Motion to Dismiss the *Marble* claims against him. (ECF No. 149). The *Marble* Plaintiffs did not file a timely response to Wright's Motion. This alone warrants dismissal. Moreover, Plaintiffs' recently filed Response does not meet the substance of Wright's arguments in his motion and makes no new factual allegations stating a plausible claim against him. For these reasons and those set forth in his Motion to Dismiss, the claims against Wright should be dismissed.

1. **Plaintiffs Failed to Respond to the Substance of Wright's Motion to Dismiss and Its Allegations in ECF No. 176 Are Untimely**

On September 10, 2019, this Court entered an Order Regarding Briefing Schedule, specifically applicable to the *Marble* lawsuit. (ECF No. 144). This Order required that the *Marble* Plaintiffs file an amended short-form complaint by September 9, 2019, which they did. (See ECF No. 143). Later, the Court denied, without prejudice, the previously filed Motions to Dismiss, including that of Wright (ECF No. 102) in anticipation of their filing the amended short-form complaint. (See ECF No. 145). Defendants were required to file Motions to

1

Dismiss or otherwise respond to the amended short-form complaint by October 4, 2019. (ECF No. 144, Page ID# 3266). The Order further stated that the "timing and format of responses and replies will be in accordance with Local Rule 7.1." *Id.*

On October 17, 2019, Plaintiffs filed a Stipulation for Extension of Time for Plaintiffs to File Their Response to Defendants' Motion to Dismiss. (ECF No. 169). This stipulation permitted Plaintiffs to file a Response by November 8, 2019 and named "eight motions to dismiss", although more than eight had been filed. Counsel for Wright was *not* consulted nor requested to allow the extension as evidenced by the fact that counsel's signature does not appear on the stipulation. (ECF No. 169). As a result, Plaintiffs' Response to Wright's Motion to Dismiss remained due "in accordance with Local Rule 7.1", or twenty-one (21) days after its October 1, 2019 filing. Thus, Plaintiffs had until October 22, 2019 to file a Response to Wright's Motion—they did not do so.

On November 14, 2019, the Plaintiffs filed a Stipulation for Second Extension of Time for Plaintiffs to File Their Response to Defendants' Motions to Dismiss. (ECF No. 172). This allowed Plaintiffs until November 27, 2019 to "file their response to Defendants motions (ECF 155-161, 163-164)…" Again, counsel for Wright was not consulted for this stipulation nor does counsel's signature appear on the stipulation. In addition, by its terms, the second stipulation specifies

2

the Motions to Dismiss to which it applies, ECF No. 155-161, 163-164. Wright's Motion, ECF No. 149, is not among them. Thus, arguments made in Plaintiffs' Response (ECF No. 176) are untimely as to Wright's Motion.

Finally, Plaintiffs' Response, as ultimately filed, refers to the specific Motions to Dismiss to which it applies, again ECF Nos. 155-161, 163 and 164. (ECF No. 176, Page ID# 5026). It does not even purport to respond to Wright's Motion, ECF No. 149. More importantly, Plaintiffs' Response does not respond to the substantive arguments made in Wright's Motion to Dismiss. E.D. Mich. L.R. 7.1(c)(1) requires that "a respondent opposing a motion must file a response, including a brief and supporting documents then available." The Sixth Circuit has held that failure to respond to a Motion to Dismiss may result in the proper dismissal of a complaint even where it is the first and only sanction. See *Harmon v. CSX Transportation, Inc.* 110 F.3d 364, 368 (1997)("We have never held that a district court is without power to dismiss a complaint, as the first and only sanction, solely on the basis of the plaintiff's counsel's neglect, *see, e.g., Buck v. U.S. Dept. of Agriculture, F.H.A*, 960 F.2d 603, 608-09 (6th Cir. 1992); *Coston v. Detroit Edison Co.*, 789 F.2d 377, 378-379 (6th Cir. 1986)(*per curiam*)…").

Plaintiffs have wholly failed to timely respond to Wright's Motion or its substance without explanation. This violates E.D. Mich. L.R. 7.1(c)(1) which the Court ordered would apply to responses and replies in this matter after the short-

form complaint was filed. (ECF No. 144, Page ID# 3266). Plaintiffs' failure to include Wright in its stipulations to extend time for filing or to respond to the substance of Wright's Motion shows that Plaintiffs have no interest in responding to the Motion and that they do not seriously contest its merits. Wright's Motion should be granted and he should be awarded costs and fees for having to file the Motion after being dismissed in *Walters* and *Sirls*, without the *Marble* Plaintiffs adding new allegations or addressing the arguments made in Wright's Motion.

2.  **Plaintiffs' Response Contains Only the Same Allegations Previously Dismissed as to Wright**

While Plaintiffs have wholly failed to respond to the substance of Wright's Motion, their Response to other Defendants' Motions to Dismiss mentions Wright as follows:

- "In the same regard, Plaintiffs acknowledge the Court's prior ruling dismissing the bodily integrity claim against Defendants Lyon, Wyant, Wright, and Walling. Plaintiffs re-plead the bodily integrity claim against these defendants to preserve the issue for appeal." (ECF No. 176, Page ID# 5085, fn. 4);

- In support of a viable conspiracy claim, the complaint alleges Defendant Wright had been aggressively promoting the formation of KWA." (ECF No. 176, Page ID# 5087);

- "…DWSD presented to Defendants Kurtz, Wright, Dillon, Walling, and Snyder numerous studies that showed from a cost savings standpoint, the DWSD contract was a better deal than KWA's…" (ECF No. 176, Page ID# 5087);

4

- "Working in concert with each other, Defendants Wright, Ambrose, Early, Dillon and MDEQ pushed the Administrative Consent Order through to meet KWA's timeline." (ECF No. 176, Page ID# 5090).

These allegations have already been dismissed as to Wright a number of times.

As to the bodily integrity claim, Plaintiffs admit it was already dismissed, thus there is no reason to reargue that the same rationale should apply here. As to the other three portions of the Response mentioning Wright, these all amount to one alleged conclusion—Wright preferred the KWA as a long-term water source—an allegation that has been summarily dismissed by the Court. Wright relies upon the Court's prior rulings on these issues in *Carthan*, *Walters* and *Sirls*:

- Conspiracy claims dismissed as to Wright in *Walters* (ECF No. 233, Page ID## 7171-7174);

- "[P]laintiffs fail to state a claim against Wright because they do not show how he either caused or prolonged their exposure to the contaminated water. First, plaintiffs do not plausibly allege that Wright caused their exposure because he had no oversight over Flint's transition to the Flint River. Plaintiffs argue that Flint and Genesee County's water systems were unified, suggesting that Wright's position as Genesee County's Drain Commissioner gave him the means to affect the choice of Flint's water. But the fourth amended complaint reveals that the arrangement between Flint and Genesee County was a standard contractual relationship. Those in charge of Flint's system purchased water and then sold it to Genesee County. And although Genesee County was required to buy it, the County had no say in where it came from. In other words, Wright was in charge of Genesee County's water system, but not Flint's. Second, Wright did not prolong plaintiffs' exposure to the contaminated water. Plaintiffs do not plead that Wright took steps to deceive Flint residents about the safety of Flint's water following the transition, or that he otherwise played a role in any coverup. Although Wright may have been aware of the risk of harm plaintiffs faced, he did not cause their injuries." (In *Walters*, ECF No. 233, Page ID## 7198-7199);

5

- All other claims dismissed in *Carthan*—See ECF No. 798, Page ID## 21200-21201.

Plaintiffs offer nothing new in their non-responsive, untimely Response to Wright's Motion on any of these issues.

Significantly, Plaintiffs offers *no response* to Wright's arguments about Plaintiffs' new claims: Count V – 42 U.S.C. §1983 – Denial of Access to Judicial Remedies or State-law Count XIII – Intentional Infliction of Emotional Distress. These claims should be dismissed because Plaintiffs did not plead or respond to them with any plausible allegations. Plaintiffs also did not address why this Court should exercise supplemental jurisdiction over its new state-law claim. **Thus, even if the Court entertains Plaintiffs' untimely Response, all of its allegations have already been considered and rejected by this Court and the Response offers nothing new**. Therefore, Wright's Motion should be granted.

6

## **CONCLUSION**

For the reasons stated above and those in Wright's Motion to Dismiss, Plaintiffs' Amended Short-Form Complaint and Jury Demand should be dismissed as to Wright.  Wright should be awarded his costs and fees in defending this matter.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | s/ Matthew T. Wise |
|  | Foley & Mansfield, P.L.L.P. |
|  | 130 E. Nine Mile Road |
|  | Ferndale, MI 48220 |
|  | (248) 721-4200 |
|  | mwise@foleymansfield.com |
| Dated:  December 2, 2019 | P76794 |

## CERTIFICATE OF SERVICE

I hereby certify that on **December 2, 2019** I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys and/or parties on record.

*s/ Shannon K. Breznai*
Shannon K. Breznai